## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

COALITION FOR WORKFORCE
INNOVATION, *et al.*,

              Plaintiffs,

    v.

WALSH, *et al.*,

              Defendants.

Case No. 21-CV-00130

### DEFENDANTS' ANSWER TO PLAINTIFFS'
### AMENDED COMPLAINT FOR DECLARATORY RELIEF

Defendants Martin J. Walsh, sued in his official capacity as Secretary of Labor, Jessica Looman, sued in her official capacity as Principal Deputy Administrator of the Department of Labor's Wage and Hour Division, and the Department of Labor ("the Department" and, collectively, "Defendants"), hereby submit their Answer to the Amended Complaint for Declaratory Relief filed by Plaintiffs, Coalition for Workforce Innovation, Associated Builders and Contractors of Southeast Texas, Associated Builders and Contractors, Inc., and Financial Services Institute, Inc., dated May 13, 2021 (ECF No. 6).  For their Answer, Defendants respond to the numbered paragraphs of the Amended Complaint in correspondingly numbered paragraphs below:

1.      This paragraph identifies the plaintiffs in this matter and contains Plaintiffs' characterization of this lawsuit, to which no response is required.

2.      This paragraph contains Plaintiffs' characterization of this lawsuit, to which no response is required.

3.      The first sentence of this paragraph contains a legal conclusion, to which no response is required.  Defendants deny the allegations in the second sentence as stated, but admit that it issued the final rule titled "Independent Contractor Status Under the Fair Labor Standards Act (FLSA): Delay of Effective Date" ("Delay Rule") following a 19-day comment period and that it "sought comments about, and considered whether, issues of policy, law, and fact warrant an extension of the Independent Contractor Rule's original effective date by 60 days," 86 Fed. Reg. 12,537 (Mar. 4, 2021).  The remainder of this paragraph is Plaintiffs' characterization of the Delay Rule and the rationale set forth therein; Defendants refer to that Rule for its complete and accurate contents and deny any remaining allegations of fact.

4.      Defendants deny the allegations in this paragraph as stated, but admit that on March 12, 2021, the Department published a notice of proposed rulemaking proposing to withdraw the Independent Contractor Rule, that on May 6, 2021, the Department published the Withdrawal Rule, withdrawing the Independent Contractor Rule, and that the Withdrawal Rule was effective as of the date of its publication, May 6, 2021.

5.      The first sentence of this paragraph contains a legal conclusion, to which no response is required.  The remainder of this paragraph consists of rhetoric and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

6.      This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

7.      This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

8.      This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

9.      This paragraph consists of Plaintiffs' characterizations of the Delay and Withdrawal Rules and data, legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

10.      This paragraph consists of rhetoric and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

11.      This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

12.      This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

13.      This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

14.     The first sentence of this paragraph purports to characterize the Withdrawal Rule. Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.  The remainder of this paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

15.     This paragraph consists of legal conclusions, to which no response is required. To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

16.     This paragraph consists of legal conclusions, to which no response is required. To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

17.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed allegations of fact, they are denied.  Defendants further deny that Plaintiffs are entitled to any of the relief requested.

18.     Defendants deny any allegations of irreparable harm and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

20.     Defendants deny any allegations of significant or irreparable harm and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of allegations in this paragraph.

22.     Defendants deny any allegations of damages or significant or irreparable harm and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

23.     This paragraph consists of a legal conclusion, to which no response is required. To the extent that this paragraph may be deemed to contain allegations of fact, they are denied.

24.     Defendants admit that Martin J. Walsh is the Secretary of Labor.  Defendants admit that Jessica Looman is the Principal Deputy Administrator of the Department's Wage and Hour Division.  Defendants admit the allegations in the third sentence of this paragraph. Defendants admit the allegations in the fourth sentence of this paragraph that Secretary Walsh and Principal Deputy Administrator Looman are being sued in their official capacities by Plaintiffs in this lawsuit.  The remainder of the fourth sentence of this paragraph contains a legal conclusion, to which no response is required.  Any remaining allegations of fact in this paragraph are denied.

25.     This paragraph consists of legal conclusions, to which no response is required.

26.     This paragraph consists of legal conclusions, to which no response is required.

27.     This paragraph consists of legal conclusions, to which no response is required.

28.     This paragraph purports to characterize the Notice of Proposed Rulemaking, dated September 25, 2020 ("NPRM 1"), and comments received during the comment period on NPRM 1, to which no response is required.  Defendants respectfully refer the Court to NPRM 1, 85 Fed. Reg. 60,600, and the comments received in response to it for a complete and accurate statement of their contents.

29.     This paragraph purports to characterize the Independent Contractor Rule and comments received during that rulemaking, to which no response is required.  Defendants

respectfully refer the Court to the Independent Contractor Rule and the comments received during that rulemaking for a complete and accurate statement of their contents.

30.     This paragraph purports to characterize the Independent Contractor Rule, to which no response is required.  Defendants respectfully refer the Court to the Independent Contractor Rule for a complete and accurate statement of its contents.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the Independent Contractor Rule impacted Plaintiffs' member companies and many others.  The remainder of this paragraph purports to characterize the Independent Contractor Rule, to which no response is required.  Defendants respectfully refer the Court to the Independent Contractor Rule for a complete and accurate statement of its contents.

32.     This paragraph purports to characterize the Independent Contractor Rule, to which no response is required.  Defendants respectfully refer the Court to the Independent Contractor Rule for a complete and accurate statement of its contents.

33.     Defendants admit the allegations in this paragraph.

34.     This paragraph purports to characterize the "Memorandum for the Heads of Executive Departments and Agencies" titled "Regulatory Freeze Pending Review" ("Regulatory Freeze Memorandum"), 86 Fed. Reg. 7,424, to which no response is required.  Defendants respectfully refer the Court to the Regulatory Freeze Memorandum for a complete and accurate statement of its contents.

35.     Defendants admit the allegations in the first sentence of this paragraph.  The remainder of this paragraph purports to characterize the Office of Management and Budget Memorandum M-21-14, Implementation of Memorandum Concerning Regulatory Freeze Pending Review ("OMB Memorandum"), to which no response is required.  Defendants

respectfully refer the Court to the OMB Memorandum for a complete and accurate statement of its contents.

36.     Defendants deny the allegations in the first sentence of this paragraph as stated, but admit that, on February 5, 2021, the Department published a notice of proposed rulemaking proposing to delay the effective date of the Independent Contractor Rule until May 7, 2021 ("NPRM 2"), 86 Fed. Reg. 8,326.  The remainder of this paragraph purports to characterize NPRM 2, to which no response is required.  Defendants respectfully refer the Court to NPRM 2 for a complete and accurate statement of its contents.

37.     This paragraph purports to characterize NPRM 2, to which no response is required.  Defendants respectfully refer the Court to NPRM 2 for a complete and accurate statement of its contents.

38.     This paragraph purports to characterize NPRM 2, to which no response is required.  Defendants respectfully refer the Court to NPRM 2 for a complete and accurate statement of its contents.

39.     Defendants deny the allegations in the first sentence of this paragraph as stated, but admit that Plaintiff ABC requested an extension of the period to submit comments in response to NPRM 2.  Defendants admit the allegations in the second sentence of this paragraph. Defendants admit the allegation in the third sentence of this paragraph that Plaintiffs CWI and FSI submitted comments in response to NPRM 2.  The remainder of the third sentence of this paragraph purports to characterize these comments, to which no response is required.

40.     Defendants admit the allegations in this paragraph.

41.     This paragraph purports to characterize the Delay Rule, to which no response is required.  Defendants respectfully refer the Court to the Delay Rule for a complete and accurate statement of its contents.

42.     The first sentence of this paragraph purports to characterize the Delay Rule, to which no response is required.  Defendants respectfully refer the Court to the Delay Rule for a complete and accurate statement of its contents.  The remainder of this paragraph contains legal conclusions, rhetoric, and argument, to which no response is required.  To the extent that the paragraph may be deemed to contain allegations of fact, they are denied.

43.     Defendants deny the allegations in the first sentence of this paragraph as stated, but admit that the Department on March 12, 2021, published a notice of proposed rulemaking proposing to withdraw the Independent Contractor Rule.  The remainder of this paragraph purports to characterize the March 12, 2021, Notice of Proposed Rule Making ("NPRM 3"), 86 Fed. Reg. 14,027, to which no response is required.  Defendants respectfully refer the Court to NPRM 3 for a complete and accurate statement of its contents.

44.     Defendants deny the allegations in the first sentence of this paragraph as stated, but admit that multiple persons submitted requests to the Department for an extension of the period to submit comments in response to NPRM 3 and that the Department declined to extend the comment period.  The second sentence of this paragraph purports to characterize the comments submitted in response to NPRM 3, to which no response is required.  To the extent that the second sentence may be deemed to contain allegations of fact, they are denied. Defendants deny the allegations in the third sentence of this paragraph as stated, but admit that, on May 6, 2021, the Department published the Withdrawal Rule.  The remainder of the third sentence of this paragraph purports to characterize the Withdrawal Rule, to which no response is

required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

45.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

46.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

47.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

48.     This paragraph consists of rhetoric and argument and purports to characterize the Withdrawal Rule and the Independent Contractor Rule, to which no response is required. Defendants respectfully refer the Court to the Withdrawal Rule and the Independent Contractor Rule for a complete and accurate statement of their contents.

49.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

50.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

51.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

52.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

53.     This paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.

54.     Defendants' responses to paragraphs 1 through 53 are incorporated by reference.

55.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

56.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

57.     This paragraph consists of legal conclusions, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

58.     Defendants deny the allegations in the first sentence of this paragraph as stated, but admit that the Independent Contractor Rule was issued after notice and comment.  The second and third sentences of this paragraph purport to characterize the Independent Contractor Rule, to which no response is required.  Defendants respectfully refer the Court to the Independent Contractor Rule for a complete and accurate statement of its contents.  Defendants

lack knowledge or information sufficient to form a belief about the truth of the allegation in the fourth sentence of this paragraph that the Independent Contractor Rule impacted Plaintiffs' member companies and many others; the remainder of this sentence consists of Plaintiffs' characterization of their case, to which no response is required.

59.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

60.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

61.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

62.     The first sentence of this paragraph consists of a legal conclusion, to which no response is required.  The second sentence of this paragraph purports to characterize the Regulatory Freeze Memorandum, to which no response is required.  Defendants respectfully refer the Court to the Regulatory Freeze Memorandum for a complete and accurate statement of its contents.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

63.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

64.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

65.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

66.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

67.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

68.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

69.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

70.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

71.     Defendants deny the allegations of this paragraph and deny that Plaintiffs are entitled to any relief.

72.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

73.     This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed allegations of fact, they are denied.

74.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

75.    This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

76.    This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

77.    This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

78.    This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

79.    This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

80.    Defendants deny the allegations of this paragraph and deny that Plaintiffs are entitled to any relief.

81.    This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

82.    This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

83.    This paragraph consists of legal conclusions, to which no response is required. To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

84.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

85.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

86.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

87.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

88.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

89.     The first sentence of this paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.  The remainder of this paragraph consists of rhetoric and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

90.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

91.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

92.     The first sentence of this paragraph purports to characterize the Withdrawal Rule, to which no response is required.  Defendants respectfully refer the Court to the Withdrawal Rule for a complete and accurate statement of its contents.  The remainder of this paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

93.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

94.     This paragraph consists of rhetoric and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

95.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

96.     This paragraph consists of legal conclusions, rhetoric, and argument, to which no response is required.  To the extent the paragraph may be deemed to contain allegations of fact, they are denied.

97.     The allegations in this paragraph constitute Plaintiffs' requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any other relief.

98.     The allegations in this paragraph constitute Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any other relief.

99.     The allegations in this paragraph constitute Plaintiffs' requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any other relief.

100.     The allegations in this paragraph constitute Plaintiffs' requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any other relief.

Any allegations not specifically admitted or denied are hereby denied.

Defendants reserve the right to amend this Answer.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the Amended Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated:  June 7, 2021               Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director, Federal Programs Branch

/s/ Alexis J. Echols
ALEXIS J. ECHOLS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 305-8613
alexis.j.echols@usdoj.gov

*Counsel for Defendants*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2021, DEFENDANTS' ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT FOR DECLARATORY RELIEF was filed electronically with the
Clerk of the Court and is available for viewing and downloading from the Electronic Case Filing
(ECF) system.  I certify that all participants in this case are registered ECF users and that service
will be accomplished by the ECF system.

<u>/s/ Alexis J. Echols</u>