UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| COALITION FOR WORKFORCE INNOVATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JULIE A. SU, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:21-CV-130 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE *AMICUS* BRIEF**

**FILED BY THE SOCIETY FOR HUMAN RESOURCE MANAGEMENT
AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS**

Scott P. Mallery (CA Bar No. 283562)
(To be admitted *pro hac vice*)
Seyfarth Shaw LLP
400 Capitol Mall, Suite 2300
Sacramento, CA 95814

Scott Hecker (NY Bar No. 4417309;
D.C. Bar No.: 1723692)
(To be admitted *pro hac vice*)
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004

Richard Lapp (IL Bar No. 6191534;
CA Bar No. 271052)
(To be admitted *pro hac vice*)
Seyfarth Shaw LLP
233 S Wacker Drive, Suite 8000
Chicago, IL 60606

Linda C. Schoonmaker
Texas Bar No. 17806300
Seyfarth Shaw LLP
700 Milam Street, Suite 1400
Houston, TX 77002

*Counsel for Amicus Curiae*

The Society for Human Resource Management ("SHRM") respectfully moves for leave to file an *amicus* brief in this matter in support of the Plaintiffs' Motion for Summary Judgment. (Attached hereto as **Exhibit A** is a true and correct copy of SHRMs proposed *amicus* brief).

SHRM comes as a friend of the court, seeking not to argue the underlying facts,[1] but rather to provide the court with an "objective, dispassionate, neutral discussion of" SHRM's point of view as it relates to the promulgation of the DOL's new Rule for classifying independent contractors.[2]

## STATEMENT OF INTEREST

The Society for Human Resource Management (SHRM) is the primary voice of the HR community. SHRM represents thousands of HR professionals who must engage with the new independent contractor Rule to make on-the-ground classification decisions. But the new Rule also affects SHRM as an employer in its own right, because it often utilizes the excellent work of independent contractors. Therefore, SHRM – uniquely – both represents, and is part of, the regulated community.

SHRM's general mission is to create better workplaces where businesses and workers thrive together, regardless of whether those workers are classified as employees or independent contractors. SHRM's 300,000+ HR and business executive members impact the lives of more than 115 million workers and their families. SHRM's members, many of whom are experts in talent acquisition, understand that to recruit and retain the best talent, especially during these challenging, dynamic, and rapidly-evolving economic times, businesses must offer a myriad of employment and independent worker options that provide the 21st-century worker the autonomy necessary to make the best decisions for themselves and their families. Accordingly, SHRM suggests independent work is not only valuable, but *necessary* to compete in today's global marketplace, and DOL's new Rule stiffens the flexibility needed to attract and retain independent workers.

---

[1] See *Strasser v. Dooley*, 432 F.2d 567, 569 (1st Cir. 1970) ("An *amicus* who argues facts should rarely be welcomed.")

[2] See *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (Denying a request to file *amicus* briefing because "[r]ather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the NYCLU has come as an advocate for one side.")

HR professionals, i.e., SHRM's members, are responsible for the worker-classification process. SHRM therefore supported the Department of Labor's ("DOL" or "Department") previous final Rule on Independent Contractor Status under the Fair Labor Standards Act ("FLSA"), published on January 7, 2021 because it drew clearer corners for HR professionals to consult when determining whether to classify a worker as an employee or independent contractor. The new Rule, unfortunately, does not offer the same consistency, but rather accomplishes the opposite by requiring HR Professionals to use an archaic and qualitative balancing test without similar guardrails.

SHRM would appreciate the opportunity to share its informed perspective on these issues more comprehensively to assist the Court in its consideration of CWI's motion. Through its *amicus* brief, SHRM will further explain why the broad array of diverse organizations and companies SHRM represents agree that this Court should grant Plaintiffs' Motion for Summary Judgment to reinstate the 2021 Rule as the law of the land.

Counsel conferred with the parties, and the Plaintiffs and Defendants have consented to filing of the *amicus* brief; therefore, this motion is unopposed.

## ARGUMENT

District courts generally lack express statutory or rules-based authority or guidance regarding *amicus* briefs and instead consider whether to allow *amicus* briefs based on the courts' inherent docket-management authority and discretion. *See, e.g.*, *Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) ("No statute, Rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief") (quoting *United States ex rel. Gudur v. Deloitte Consulting L.L.P.*, 2007 WL 836935, at *6 (S.D. Tex. March 15 2007) (same)); *see also Lehman XS Trust, Series 2006–GP2 v. Greenpoint Mortg. Funding*, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) ("Resolution of a motion for leave to file an *amicus* brief thus lies in the 'firm discretion' of the district court.")

"District courts commonly seek guidance from Federal Rule of Appellate Procedure ["FRAP"] 29, which establishes standards for filing *amicus* briefs in the United States Courts of

Appeals." *Sierra Club v. F.E.M.A.*, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007). A party seeking to file an *amicus* brief must first seek leave, explaining "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." FRAP 29(a)(3)(B). In deciding whether to allow *amicus curiae* to participate, the Court should consider whether "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). District courts should permit the filing of *amicus* briefs where the proposed *amicus* "has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.*; *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002).

Here, SHRM offers a unique perspective in addition to proprietary data for the Court that go beyond what the parties can, or have, provided. *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-cv-966, 2023 WL 1827734, at *1 (D. Conn. Jan. 25 2023) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Granting leave to file *amicus* on the sole grounds that "[b]oth sets of movants have articulated an ability to provide unique information," and "it is preferable to err on the side of granting leave."[3])).

No other interest in this litigation comes from the unique perspective of not only operating a business using independent work under this new scheme, but also as the sole representative of the HR professionals that have to do the actual on-the-ground work to effectuate this new, unwieldy classification scheme.

Given its unique representative position in the U.S. economy, SHRM is the only potential entity with the ability to provide the court with specific data explaining how the new Rule's implementation affects thousands of HR departments, HR professionals, employers, and workers across the Country. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128,

---

[3] The *Kistler* Court notes "[i]f, after thoroughly studying the briefs and materials, an *amicus* brief turns out to be unhelpful, the Court can simply disregard the *amicus* brief. However, if a good brief is rejected, the Court will be deprived of a resource that might have been of assistance." *Id.* (internal quotations and citations omitted).

132 (3d Cir. 2002) (Alito, J.) (Explaining that an *amicus* brief may assist the court by "explaining the impact a potential holding might have on an industry or other group") (internal citations and quotations omitted).

SHRM possesses the unique ability to share with the court the abundance of salient data it has accumulated on independent work in recent years. For example, through its *amicus* brief, SHRM intends to provide the Court with SHRM's own research and data demonstrating that numerous HR professionals have shied away from providing workers with needed training out of fear DOL will consider those workers to be employees instead of independent contractors.

Finally, the perspective, data, and arguments shared in the *amicus* brief are in no way duplicative of what CWI provides. Rather than reiterating the legal arguments surrounding the Rule's validity, SHRM will rely on its intimate knowledge of workplaces and work experiences to address the damaging impact the new Rule will have on the HR profession and workers of all types.

## **CONCLUSION**

WHEREFORE, SHRM respectfully requests that this Court grant its motion for leave to file the attached proposed *amicus curiae* brief.

DATED: April 25, 2024

Respectfully submitted,

By: *Linda C. Schoonmaker*
LINDA C. SCHOONMAKER
State Bar No. 17806300
lschoonmaker@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

**ATTORNEY FOR THE SOCIETY FOR HUMAN RESOURCE MANAGEMENT**

## CERTIFICATE OF CONFERENCE

I, Linda C. Schoonmaker, hereby certify that counsel for plaintiffs advised on April 23, 2024 by email that this Motion was unopposed and that counsel for defendants advised on April 24, 2024 by email that this Motion was unopposed.

*Linda C. Schoonmaker*
Linda C. Schoonmaker

## CERTIFICATE OF SERVICE

I, Linda C. Schoonmaker, hereby certify that on April 25, 2024, the foregoing was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record:

*Linda C. Schoonmaker*
Linda C. Schoonmaker