IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

| | | |
|---|---|---|
| **COALITION FOR WORKFORCE INNOVATION,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-00130-MAC |
| **SU, ACTING SECRETARY, UNITED STATES DEPARTMENT OF LABOR,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants hereby respond to Plaintiffs' Statement of Undisputed Material Facts under Local Rule CV-56(b).

1.     The FLSA sets minimum wage and overtime requirements to be followed by employers of employees. *See* 29 U.S.C. §§ 206-07. However, "there is in the [FLSA] no definition that solves problems as to the limits of the employer-employee relationship under the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947). On this point, the Supreme Court has articulated the "original meaning of the statute," which controls here. *See New Prime Inc. v. Oliveira*, 586 U.S. 105, 113 (2019). Nearly 80 years ago, the Court stated that "'employees' include[s] workers who were such as a matter of economic reality.'" *United States v. Silk*, 331 U.S. 704, 713 (1947); *see also Bartels v. Birmingham*, 332 U.S. 126, 130 (1947) ("employees are those who as a matter of economic reality are dependent upon the business to which they render

service").[2] The Court went on to identify several factors relevant to that "economic reality" inquiry: "degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation[,] and skill required in the claimed independent operation," *Silk*, 331 U.S. at 716, along with whether the work being performed is "part of the integrated unit of production," *Rutherford*, 331 U.S. at 729. In *Silk*, however, the Court emphasized the factors of control and opportunity, without analyzing the other factors. 331 U.S. at 717-19; *see also Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 32-33 (1961) (primarily considering control and opportunity for profit). Over the decades, lower courts have applied different variations of these factors, and wrestled with substantial uncertainty over "which aspects of 'economic reality' matter, and why." *Sec'y of Lab. v. Lauritzen*, 835 F.2d 1529, 1549 (7th Cir. 1987) (Easterbrook, J., concurring).

      RESPONSE:  To the extent this is a statement of law, no response is required.  In addition, the Fair Labor Standards Act (FLSA) and all of the cases cited speak for themselves. To the extent a response is required, it is undisputed that: under the FLSA, covered employers must pay their employees a minimum wage and overtime pay, among other obligations; and courts apply a multi-factor economic reality analysis to determine whether a worker is an employee or independent contractor under the FLSA.

      2.      In early 2021, DOL decided to address the significant confusion and uncertainty over the economic-reality test, which had become worse "over time as technology, economic conditions, and work relationships [] evolved." 86 Fed. Reg. at 1172.

---

[2] *Silk* and *Bartels* concerned the Social Security Act, but the Court relied upon *Silk* in *Rutherford* when applying the FLSA. *See* 331 U.S. at 729-30.

RESPONSE:  To the extent this is a statement of law, no response is required.  The 2021 Rule speaks for itself.  To the extent a response is required, the Department disputes Plaintiffs' characterizations of the economic reality analysis, but it is undisputed that the Department promulgated the 2021 Rule on January 7, 2021, *see Independent Contractor Status Under the Fair Labor Standards Act*, 86 Fed. Reg 1168 (Jan. 7, 2021).

3.      Based on a thorough review of case law, DOL determined that two "core" factors—the nature and degree of control over work and the individual's opportunity for profit or loss—are "most probative" of whether an individual is "economically dependent" on a business. *Id*. at 1246-47 (29 C.F.R. § 795.105(c)-(d)); *see* 86 Fed. Reg. at 1196-1203. Where these two factors pointed toward the same classification, in every relevant case since 1975, that was the classification the court concluded was correct. *Id.* at 1196-97.

RESPONSE:  To the extent this is a statement of law, no response is required.  The 2021 Rule speaks for itself.  To the extent a response is required, the Department disputes Plaintiffs' characterizations of the 2021 Rule, but it is undisputed that: the Department promulgated the 2021 Rule on January 7, 2021, *see Independent Contractor Status Under the Fair Labor Standards Act*, 86 Fed. Reg 1168 (Jan. 7, 2021); the rule provided an economic reality analysis for assessing employee or independent contractor status under the FLSA in which economic dependence was the ultimate inquiry; and the analysis included two factors—the nature and degree of control over the work and the individual's opportunity for profit or loss—that the rule described as "core" factors and the "most probative" of the factors.

4.      DOL also specified that three other factors—the amount of skill required for the

work; the degree of permanence of the working relationship between the individual and the potential employer; and whether the work is part of an integrated unit of production—were "less probative and, in some cases, may not be probative at all, and thus are highly unlikely, either individually or collectively, to outweigh the combined probative value of the two core factors." *Id*. at 1246 (29 C.F.R. § 795.105(c)).

    RESPONSE:  To the extent this is a statement of law, no response is required.  The 2021 Rule speaks for itself.  To the extent a response is required, it is undisputed that: the 2021 Rule, in addition to the two factors that it designated as "core" factors, identified three other factors to be considered—the amount of skill required for the work, the degree of permanence of the working relationship between the individual and the potential employer, and whether the work is part of an integrated unit of production; and the 2021 Rule stated that those other factors "are less probative and, in some case, may not be probative at all, and thus are highly unlikely, either individually or collectively, to outweigh the combined probative value of the two core factors."

    5.    DOL analyzed the costs and benefits of the 2021 Rule, concluding that it would "improve the welfare of both workers and businesses." 86 Fed. Reg. at 1209. Businesses would benefit from "improved clarity," which would "increase the efficiency of the labor market, allowing businesses to be more productive and decreasing their litigation burden." *Id*. And workers would benefit from reduced compliance costs, decreased misclassification, increased creation of independent contractor jobs, and likely conversion of some existing positions from employee to independent contractor status. *Id.* at 1209-10.

    RESPONSE:  To the extent this is a statement of law, no response is required.  The 2021 Rule speaks for itself.  To the extent a response is required, the Department disputes Plaintiffs'

4

characterizations of the 2021 Rule, but it is undisputed that the 2021 Rule described certain benefits that, at the time, the Department believed could result from the rule.

6.  The 2021 Rule also expressly provided that regulated parties (like Plaintiffs and their members) could rely on the Rule "in accordance with section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251-262," which provides parties a good faith defense in FLSA litigation. 86 Fed. Reg. at 1246 (29 C.F.R. § 795.100).

RESPONSE: To the extent this is a statement of law, no response is required. The 2021 Rule speaks for itself. To the extent a response is required, it is undisputed that the 2021 Rule stated: "The interpretations stated in this part may be relied upon in accordance with section 10 of the Portal-to-Portal Act, 29 U.S.C. 251-262, notwithstanding that after any such act or omission in the course of such reliance, any such interpretation in this part 'is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.' 29 U.S.C. 259."

7.  After the change in administration, DOL postponed the effective date of the 2021 Rule, 86 Fed. Reg. 12535 (March 4, 2021) (the "Delay Rule"), and then issued a final rule withdrawing the 2021 Rule, 86 Fed. Reg. 24303 (May 6, 2021) (the "Withdrawal Rule").

RESPONSE: Undisputed.

8.  Plaintiffs challenged both the Delay and Withdrawal Rules under the APA. ECF Nos. 1, 6. This Court granted Plaintiffs' motion for summary judgment. The Court concluded that DOL "failed to 'consider important aspects of the problem before [it]'—the lack of clarity of the

5

economic realities test and the need for regulatory certainty." *CWI*, 2022 WL 1073346, at *19 (citation omitted). The Court also concluded that "DOL refused to 'meaningfully consider more limited policies' than the total withdrawal of the [2021 Rule]." *Id.* at *18 (citation omitted). The Court thus vacated the Delay and Withdrawal Rules. *Id.* at *20.[3]

RESPONSE:  The referenced decision of this Court and the Fifth Circuit's ruling on appeal speak for themselves.  To the extent a response is required, it is undisputed that: on March 14, 2022, this Court issued a decision that vacated the Department's rules delaying the effective date of and withdrawing the 2021 Rule; the Department appealed the decision to the U.S. Court of Appeals for the Fifth Circuit; and, on February 19, 2024, the Fifth Circuit vacated the decision as moot after the Department promulgated the 2024 Rule and remanded the case to this Court to allow Plaintiffs to file an amended complaint, *see* Appeal No. 22-40316 (5th Cir. Feb. 19, 2024), Dkt. No. 82.

9.     On January 10, 2024, DOL published the 2024 Rule, which again rescinds the 2021 Rule and this time replaces it with a new test. 89 Fed. Reg. 1638. DOL claimed that the 2021 Rule "would have likely caused confusion and uncertainty" and "would have complicated rather than simplified" the FLSA worker classification analysis. *Id.* at 1654. DOL further contended that the 2021 Rule's core-factors framework "unduly narrowed the economic reality test." *Id.* at 1649. In DOL's newfound view, these two supposed errors combined to make misclassification of employees as independent contractors more likely, which DOL maintains would harm workers.

---

[3] DOL appealed, and the appeal was held in abeyance as DOL engaged in a new rulemaking. After that rulemaking was completed, the Fifth Circuit remanded to this Court to allow Plaintiffs to amend their complaint to challenge the 2024 Rule. *Coal. for Workforce Innovation v. Walsh*, No. 22-40316, ECF No. 37 (5th Cir. Feb. 19, 2024).

*Id.* at 1657-58.

RESPONSE:  The Department's 2024 Rule speaks for itself.  To the extent a response is required, the Department disputes Plaintiffs' characterizations of the 2024 Rule, but it is undisputed that: on January 10, 2024, the Department promulgated a rule to rescind and replace the 2021 Rule, *see Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638 (Jan. 10, 2024); and the 2024 Rule provides an economic reality analysis for assessing employee or independent contractor status under the FLSA comprised of six factors, with no one factor or set of factors being predetermined to always carry more weight than the others.

10. DOL decided to replace the 2021 Rule with a rule that swings far in the other direction—a new, freewheeling totality-of-the-circumstances test that has at least seven unweighted factors—six enumerated factors, plus unenumerated "[a]dditional factors." *Id.* at 1742-43 (29 C.F.R. § 795.110). DOL refuses to give any guidance about how to balance those factors, asserting that doing so would undermine the test's "flexibility" to "encompass continued social changes." *Id.* at 1649.

RESPONSE:  The Department's 2024 Rule speaks for itself.  To the extent a response is required, the Department disputes Plaintiffs' characterizations of the 2024 Rule, but it is undisputed that: on January 10, 2024, the Department promulgated a rule to rescind and replace the 2021 Rule, *see Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638 (Jan. 10, 2024); the 2024 Rule provides an economic reality analysis for assessing employee or independent contractor status under the FLSA comprised of six factors, with no one factor or set of factors being predetermined to always carry more weight

than the others; and the 2024 Rule provides, like the 2021 Rule did, that additional factors (to the extent relevant) may be considered in addition to the enumerated factors.

11.     DOL claims that it is merely "return[ing]" to a test that predates the 2021 Rule. *Id.* at 1639. But DOL had never issued a rule on worker classification under the FLSA before the 2021 Rule. And the 2024 Rule is built from cherry-picked case law and a misinterpretation of the factors courts previously considered. It skews those factors toward classification as an employee at the expense of legitimate independent contracting relationships. The only certainty of the 2024 Rule is that DOL will be more likely to find employment relationships that never before existed.

RESPONSE:  The Department's 2024 Rule speaks for itself.  To the extent a response is required, the Department disputes Plaintiffs' characterizations of the 2024 Rule, but it is undisputed that: on January 10, 2024, the Department promulgated a rule to rescind and replace the 2021 Rule, *see Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638 (Jan. 10, 2024); and prior to the 2021 Rule, the Department had not issued a generally-applicable rule on employee or independent contractor classification under the FLSA but had promulgated regulations addressing the issue under the FLSA in two industries (*see* the versions of 29 C.F.R. 780.330 and 788.16 as they existed prior to the 2021 Rule) and had issued generally-applicable subregulatory guidance in the form of Fact Sheet #13 providing an economic reality analysis for assessing employee or independent contractor status under the FLSA.

Dated: May 24, 2024                                    Respectfully submitted,

                                                    BRIAN M. BOYNTON
                                                    Acting Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

/s/ *Lisa A. Olson*
Lisa A. Olson
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12200
Washington, D.C. 20005
Tel: (202) 514-5633
Fax: (202) 616-8470
lisa.olson@usdoj.gov

Counsel for Defendants