IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

| | | |
|---|---|---|
| COALITION FOR WORKFORCE INNOVATION, ET AL., | ) ) ) | |
| PLAINTIFFS | ) ) | Case No. 1:21-cv-00130-MAC |
| v. | ) ) | |
| JULIE SU, ET AL., | ) ) | |
| DEFENDANTS | ) ) | |
| _____ | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule CV-56(b), Plaintiffs hereby respond to Defendants' Statement of Undisputed Material Facts.

1.      Congress enacted the FLSA in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202; *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019); *see Mr. W*, 814 F.2d at 1043 ("Congress passed the FLSA in order to palliate the grave economic ills then ailing our nation."); *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1310-11 (5th Cir. 1976) ("The purpose of the FLSA is to 'eliminate low wages and long hours' and 'free commerce from the interferences arising from production of goods under conditions that were detrimental to the health and well-being of workers.'") (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947)). The FLSA requires covered employers to pay

nonexempt employees at least the federal minimum wage and 1.5 times the employee's regular rate for hours worked in excess of 40 hours in a workweek. 29 U.S.C. §§ 206(a) & 207(a).

RESPONSE: To the extent this is a statement of law, no response is required. In addition, the Fair Labor Standards Act (FLSA) and the cases speak for themselves. To the extent a response is required, it is undisputed that under the FLSA, covered employers must pay nonexempt employees a minimum wage and overtime pay at 1.5 times the employee's regular rate for hours worked in excess of 40 hours in a workweek.

2.      The Act generally defines an employee as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id*. at § 203(d), and to "employ" as including "to suffer or permit to work," *id*. at § 203(g). The FLSA does not define independent contractor; they are outside the Act's broad scope of workers covered as employees. *Rutherford*, 331 U.S. at 729.

RESPONSE: To the extent this is a statement of law, no response is required. In addition, the Fair Labor Standards Act (FLSA) and the cited case speak for themselves. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the scope of the FLSA.

3.      Since the 1940s, courts have applied an "economic reality" analysis, grounded in the FLSA's broad understanding of employment, to determine whether a worker is an employee or an independent contractor under the Act. 89 Fed. Reg. 1638, 1641-42 (citing *Rutherford*, 331 U.S. 722 (1947) and discussing *U.S. v. Silk*, 331 U.S. 704 (1947); *Bartels v. Birmingham*, 332 U.S.

126 (1947)). The analysis looks at whether, as a matter of economic reality, the worker is economically dependent on the employer for work (and is thus an employee) or is in business for herself (and is thus an independent contractor), rather than simply whether the employer has control over the worker under the narrower standards of the common law. 89 Fed. Reg. 1638, 1641. In assessing economic dependence, courts have historically conducted a totality-of-the-circumstances analysis and considered multiple factors, with no one factor or factors having predetermined weight. *Id*. at 1638, 1641-44. These factors generally include the opportunity for profit or loss, investment, permanency, control, whether the work is an integral part of the employer's business, and skill and initiative. *Id*. at 1638, 1641-43.

> RESPONSE: To the extent this is a statement of law, no response is required. In addition, the FLSA and the cases speak for themselves. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the scope of the FLSA.

4.     Specifically, in *Silk*, the Supreme Court identified five factors as "important" for distinguishing between employees and independent contractors: "degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation[,] and skill required in the claimed independent operation." 89 Fed. Reg. 1641 (quoting *Silk*, 331 U.S. at 716). However, the Court explained that no single factor is dispositive, nor are the listed factors exhaustive. *Id*. (citing Silk, 331 U.S. at 716 (stating that "[n]o one is controlling nor is the list complete")). On the same day that the Supreme Court decided *Silk*, it also decided *Rutherford*, in which it affirmed a federal court of appeals decision that analyzed an FLSA employment relationship based on economic realities. *Id*. (citing *Rutherford*, 331 U.S. at 727). In *Rutherford*, the Court considered several of the *Silk* factors and also noted that the workers in question were best characterized as "part of the

integrated unit of production under such circumstances that the workers performing the task were employees." Id. (quoting *Rutherford*, 331 U.S. at 729-30).

      RESPONSE: To the extent this is a statement of law, no response is required, and the cases speak for themselves.

      5.     Consistent with *Silk*, *Rutherford*, and their progeny, all federal courts of appeals apply the totality-of-the-circumstances economic reality analysis, using the factors articulated in those cases while acknowledging that they are not exhaustive and should not be applied mechanically. 89 Fed. Reg. 1642 & nn.52-53 (listing cases). No federal court of appeals has invariably allowed any factor presumptively to predominate over others. *Id.* at 1642 n.53 (listing cases). For example, in *Parrish*, the Fifth Circuit determined whether there existed an employer-employee relationship by examining "whether the alleged employees, as a matter of 'economic reality,' are 'economically dependent' on the business to which they supply their labor and services." 917 F.3d at 379 (quoting *Mr. W*, 814 F.2d at 1043).

      RESPONSE: To the extent this is a statement of law, no response is required, and the cases speak for themselves. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the caselaw and how "all federal courts of appeals" have applied the economic reality test.

      6.     The Fifth Circuit applies the "five, non-exhaustive [*Silk*] factors" relevant "to determin[ing] whether the individual is, as a matter of economic reality, in business for himself." *Parrish*, 917 F.3d at 379. The factors are: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3)

the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. 89 Fed. Reg. 1642 n.53 (citing *Parrish*, 917 F.3d at 380); *see also* 89 Fed. Reg. 1642 & n.52 (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988); *Pilgrim Equip.*, 527 F.2d at 1311). The Fifth Circuit applies these factors to "guide" its inquiry, noting that "[n]o single factor is determinative," and "the factors should not 'be applied mechanically.'" *Parrish*, 917 F.3d at 379-80.

>    RESPONSE: To the extent this is a statement of law, no response is required. The cases
>    and their application by the Fifth Circuit speak for themselves.

7.     The Fifth Circuit typically does not identify the "integral part" factor as one of the considerations that guides its analysis. 89 Fed. Reg. 1642 (citing *Pilgrim Equip.*, 527 F.2d at 1311). However, recognizing that its list of enumerated factors is not exhaustive, the Fifth Circuit has in some cases considered the extent to which a worker's function is integral to the business when conducting its economic reality analysis. *See, e.g.*, *Hobbs v. Petroplex Pipe & Constr., Inc.*, 946 F.3d 824, 836 (5th Cir. 2020) (considering "the extent to which the pipe welders' work was 'an integral part' of Petroplex's business"), *cited in* 89 Fed. Reg. 1642. And every other federal court of appeals that has decided an FLSA case involving workers who are employees or independent contractors includes the "integral part" factor among the list of enumerated economic reality factors. 89 Fed. Reg. 1642 & n.57 (citing *id.* at 1642 & n.52 and certain cases cited therein).

>    RESPONSE: To the extent this is a statement of law, no response is required. The cases
>    and their application by the Fifth Circuit and other federal courts of appeals speak for
>    themselves. To the extent a response is required, Plaintiffs dispute Defendants'

characterization of the caselaw and how the Fifth Circuit and "every … federal court of appeals" has applied the economic reality test.

8.      In the years since the Supreme Court set forth these principles, the Court has steadfastly rejected common law control[1] as the determining factor under the FLSA and has remained committed to determining employment under the FLSA holistically by analyzing the economic realities of the working relationship.[2]

> RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the caselaw, including disputed that the Supreme Court has "steadfastly rejected common law control as the determining factor under the FLSA."

9.      In 1949, DOL first issued an opinion letter "distilling six 'primary factors which the Court considered significant' in *Rutherford* and *Silk*," emphasizing that "no single factor is controlling" in determining whether an employment relationship exists under the FLSA. 89 Fed.

---

[1] When distinguishing between employees and independent contractors under the common law, courts evaluate "the hiring party's right to control the manner and means by which the product is accomplished." 89 Fed. Reg. 1641 & n.29 (quoting *Comty. for Creative Nonviolence v. Reid*, 490 U.S. 730, 751 (1989)). Unlike the common law's control-focused analysis, the economic reality test under the FLSA focuses more broadly on a worker's economic dependence on an employer for work. 89 Fed. Reg. 1641; *see Castillo v. Givens*, 704 F.2d 181, 189 (5th Cir. 1983) ("[T]he common-law control test is not conclusive," and "[t]he statutory coverage is not limited to those persons whose services are subject to the direction and control of their employer, but rather to those who, as a matter of economic reality, are dependent upon the business to which they render service.").

[2] 89 Fed. Reg. 1642 (citing *Goldberg v. Whitaker House Co-op, Inc*., 366 U.S. 28, 33 (1961) (economic reality is the test of employment under the FLSA) (citing *Silk* and *Rutherford*)); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 325-26 (1992) (FLSA defines employee to cover some parties who might not qualify as such under the common law) (citing *Rutherford*)).

Reg. at 1643. In the decades since, DOL has generally applied a similar multifactor economic reality analysis, following legal precedent and the guiding principles announced therein not to apply factors mechanically or assign any factor a predetermined weight. See *id*. 1642-44 (discussing various Department guidance documents).

> RESPONSE: To the extent this is a statement of law, no response is required. The Department's opinion letter and the application of the economic reality analysis by the Department speak for themselves. To the extent a response is required, Plaintiffs dispute that the Department's cited guidance documents all "follow[ed] legal precedent and the guiding principles announced therein."

10.    On January 7, 2021, DOL published the 2021 Rule with an effective date of March 8, 2021. See 89 Fed. Reg. at 1639; 86 Fed. Reg. at 1168. The 2021 Rule added a new part to Title 29 of the Code of Federal Regulations (Part 795), introducing new generally applicable regulations regarding whether a worker is an employee or an independent contractor. *Id*. at 1638-39, 1727. Although the rule reiterated the longstanding principle that a worker is an employee if, as a matter of economic reality, the worker is economically dependent on the employer for work, *id*. at 1644, the rule made significant changes to how the analysis is applied, *id*. at 1638-45.

> RESPONSE: To the extent this is a statement of law, no response is required. In addition, the 2021 Rule speaks for itself. To the extent a response is required, it is undisputed that the Department published the 2021 Rule on January 7, 2021. *See* "Independent Contractor Status Under the Fair Labor Standards Act," 86 Fed. Reg. 1246 (Jan. 7, 2021); that its effective date was March 8, 2021; and that the 2021 Rule added a new part to Tile 29 of

the Code of Federal Regulations (Part 795). Plaintiffs dispute that the 2021 Rule made any significant changes to how the independent contractor analysis has been applied.

11.     DOL and most courts have applied the six economic reality factors that the Court considered significant in *Rutherford* and *Silk* to determine whether a worker is an employee under the FLSA or an independent contractor. 89 Fed. Reg. 1641-44 (discussing case law and Department guidance). The 2021 Rule, on the other hand, applied five economic reality factors in a novel fashion. In contrast to DOL's prior guidance and contrary to case law, the 2021 Rule designated two of the five factors as "core factors" that should always carry greater weight in the analysis, meaning that, if they both indicated the same classification, there was a "substantial likelihood" that that classification was the correct classification. 89 Fed. Reg. 1638; *see* 29 C.F.R. § 795.105(c), *quoted* in 86 Fed. Reg. 1246.

RESPONSE:  To the extent this is a statement of law, no response is required. To the extent a response is required, the 2021 Rule and factors purportedly applied by the Department and "most courts" speak for themselves. Plaintiffs dispute that the 2021 Rule adopted a "novel" application of the factors.

12.     The two core factors were: (1) the nature and degree of control over the work, and (2) the worker's opportunity for profit or loss (which included the workers' initiative and investments). 89 Fed. Reg. 1644. The three remaining, "less probative" factors were: (3) the amount of skill required for the work, (4) the degree of permanence of the working relationship between the worker and the employer, and (5) whether the work is part of an integrated unit of production. Id. at 1645; 86 Fed. Reg. 1171. Under the 2021 Rule, these other factors were "less

probative and, in some cases, may not be probative at all" of economic dependence and were "'highly unlikely, either individually or collectively, to outweigh the combined probative value of the two core factors.'" 89 Fed. Reg. 1645. The 2021 Rule also considered investment and initiative only as part of the opportunity for profit or loss factor, and excluded consideration of whether the work performed is central or important to the potential employer's business. These and other provisions in the 2021 IC Rule narrowed the economic reality test by limiting the facts that may be considered as part of the test—facts which DOL believes are relevant in determining whether a worker is economically dependent on the employer or is in business for herself. *Id.* at 1647.

> RESPONSE: To the extent this is a statement of law, no response is required. In addition, the 2021 Rule speaks for itself. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the 2021 Rule as "narrow[ing]" or "limiting" the independent contractor analysis.

13. Shortly after the change in Administration in 2021, DOL first delayed and then withdrew the 2021 Rule. See 86 Fed. Reg. 12535 (Mar. 4, 2021) (the Delay Rule); 86 Fed. Reg. 24303 (May 6, 2021) (the Withdrawal Rule). Both the Delay Rule and the Withdrawal Rule were challenged. S*ee Coalition for Workforce Innovation v. Walsh*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022) ("CWI"). This Court held that the Delay and Withdrawal Rules violated certain provisions of the APA and vacated both. See id. DOL appealed, and the Fifth Circuit ultimately vacated this Court's decision as moot after DOL promulgated the 2024 Rule. See Order, CWI, No. 22-40316 (5th Cir. Feb. 19, 2024), ECF No. 82. The case was then remanded to allow plaintiffs to file the now operative Second Amended Complaint ("Compl.").

RESPONSE: To the extent this is a statement of law, no response is required, and the decisions of this Court and the Fifth Circuit speak for themselves.

14.     On October 13, 2022, DOL published in the Federal Register a new proposed rule for public comment.[3] After receiving and considering over 55,000 comments on the proposed rule, on January 10, 2024, DOL promulgated the 2024 Rule, which became effective on March 11, 2024.

RESPONSE: To the extent this is a statement of law, no response is required. To the extent a response is required, Plaintiffs state that they have no independent knowledge as to how many comments were received by the Department or the Department's actions with respect to those comments, and Plaintiffs dispute that the department adequately considered all of the comments it received.

15.     The 2024 Rule rescinds the 2021 Rule and separately replaces it with an interpretation that is more consistent with judicial precedent and the Act's text and purpose as interpreted by the courts. 89 Fed. Reg. 1638, 1647; see 29 C.F.R. Part 795. Specifically, the 2024 Rule embodies a totality-of-the-circumstances economic reality analysis in which the factors do not have predetermined weight. 89 Fed. Reg. 1645. Those factors include: (1) the worker's opportunity for profit or loss depending on managerial skill; (2) investments by the worker and the potential employer; (3) degree of permanence of the work relationship; (4) nature and degree of

---

[3] *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 87 Fed. Reg. 62,218 (Oct. 13, 2022), available at https://www.govinfo.gov/content/pkg/FR-2022-10-13/pdf/2022-21454.pdf.

control; (5) extent to which the work performed is an integral part of the potential employer's business; and (6) the worker's skill and initiative. 29 C.F.R. §§ 795.110(b)(1)-(6).

      RESPONSE: To the extent this is a statement of law, no response is required, and the 2024 Rule speaks for itself. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the 2024 Rule as "more consistent with judicial precedent and the Act's text and purpose as interpreted by the courts."


16.    The preamble to the 2024 Rule also provides a detailed discussion of the application of each factor to serve as a guide for determining whether a worker is an employee. *See* 89 Fed. Reg. 1671-1725. However, the 2024 Rule expressly emphasizes that it consists solely of "general interpretations" and is "intended to serve as a 'practical guide to employers and employees' as to how DOL will seek to apply the Act." 29 C.F.R. § 795.100.

      RESPONSE: To the extent this is a statement of law, no response is required, and the 2024 Rule speaks for itself. To the extent a response is required, Plaintiffs dispute Defendants' characterization of the Rule.


17.    Plaintiffs filed their Second Amended Complaint (ECF No. 40) on March 5, 2024, alleging that: (1) the withdrawal of the 2021 Rule is arbitrary and capricious, Compl. ¶¶ 60-75; (2) the 2024 Rule is arbitrary and capricious, an abuse of discretion, and contrary to law, id. ¶¶ 76-92; and (3) the 2024 Rule's failure to consider costs and benefits is arbitrary and capricious, id. ¶¶ 93-106. Plaintiffs seek a declaration that the 2024 Rule violates the APA, FLSA, and Regulatory Flexibility Act. Id. ¶ 109. They further ask the Court to set aside the 2024 Rule and its rescission of the 2021 Rule, to declare that the 2021 Rule remains in effect as of March 8, 2021, and to enjoin

enforcement of the 2024 Rule. In their motion for summary judgment, plaintiffs also ask for vacatur of the 2024 Rule. *See* Plaintiffs' Motion for Summary Judgment and Brief in Support ("Pl. Br.") (ECF No. 52) at 37.[4]

> RESPONSE: Plaintiffs' Second Amendment Complaint and Motion for Summary Judgment and Brief in Support speaks for themselves.

---

[4] Citations are to the ECF pagination of plaintiffs' brief.

Respectfully submitted,

Date:   June 14, 2024

*/s/ Robert F. Friedman*
Robert F. Friedman
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
(214) 880-8100
(214) 880-8101 (Fax)
rfriedman@littler.com

Maurice Baskin (*pro hac vice*)
James A. Paretti, Jr. (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com
jparetti@littler.com

ATTORNEYS FOR ALL PLAINTIFFS

Eugene Scalia (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Andrew G.I. Kilberg (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 955-8500
escalia@gibsondunn.com
jmendro@gibsondunn.com
akilberg@gibsondunn.com

ATTORNEYS FOR PLAINTIFF
FINANCIAL SERVICES INSTITUTE, INC.

Stephanie A. Maloney (*pro hac vice*)
Jordan L. Von Bokern (*pro hac vice*)
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, DC 20062-2000
(202) 463-5337
smaloney@uschamber.com
jvonbokern@uschamber.com

ATTORNEYS FOR PLAINTIFF CHAMBER OF
COMMERCE OF THE UNITED STATES OF
AMERICA