IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION

COALITION FOR WORKFORCE   )
INNOVATION, ET AL.,       )
    PLAINTIFFS            )
                          )    Case No. 1:21-cv-00130-MAC
v.                        )
                          )
JULIE SU, ET AL.,         )
    DEFENDANTS            )
_____)

**<u>PLAINTIFFS' SUPPLEMENTAL BRIEF</u>**

Robert F. Friedman
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
(214) 880-8100
(214) 880-8101 (Fax)
rfriedman@littler.com

Maurice Baskin (*pro hac vice*)
James A. Paretti, Jr. (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com
jparetti@littler.com

ATTORNEYS FOR ALL PLAINTIFFS

Eugene Scalia (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Andrew G.I. Kilberg (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
escalia@gibsondunn.com
jmendro@gibsondunn.com
akilberg@gibsondunn.com

ATTORNEYS FOR PLAINTIFF
FINANCIAL SERVICES INSTITUTE, INC.

Stephanie A. Maloney
D.C. Bar No. 1044276 (*pro hac vice*)
Jordan L. Von Bokern
D.C. Bar No. 1032962 (*pro hac vice*)
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, DC 20062-2000
(202) 463-5337
smaloney@uschamber.com
jvonbokern@uschamber.com

ATTORNEYS FOR PLAINTIFF CHAMBER OF
COMMERCE OF THE UNITED STATES OF
AMERICA

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 2

    A.    The *Chevron* Era............................................................................................... 2

    B.    The *Loper Bright* Era......................................................................................... 3

ARGUMENT ................................................................................................................................ 5

    I.    The Department's New Interpretation of the FLSA Is Due No Special "Respect" Under *Skidmore* as Clarified by *Loper Bright*............................................................. 5

    II.    *Loper Bright* Confirms the Department's Withdrawal and Replacement of the 2021 Rule Was Arbitrary and Capricious ......................................................... 7

CONCLUSION............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alejos-Perez v. Garland*,
   93 F.4th 800 (5th Cir. 2024) ...................................................................................................5

*SEC v. Chenery Corp.*,
   318 U.S. 80 (1943) ....................................................................................................................5

*Chevron U.S.A. v. Natural Resources Defense Council, Inc.*,
   467 U.S. 837 (1984).......................................................................................................... *passim*

*City of Arlington v. FCC*,
   569 U.S. 290 (2013) (Roberts, C.J., dissenting) ...................................................................3, 7

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
   591 U.S. 1 (2020)......................................................................................................................8

*Encino Motorcars, LLC v. Navarro* (*Encino I*),
   579 U.S. 211 (2016)..................................................................................................................7

*FCC v. Fox Television Stations, Inc.*,
   556 U.S. 502 (2009)..................................................................................................................7

*Gutierrez-Brizuela v. Lynch*,
   834 F.3d 1142 (10th Cir. 2016) (Gorsuch, J., concurring) ......................................................3

*Loper Bright Enterprises v. Raimondo*,
   144 S. Ct. 2244 (2024).......................................................................................................*passim*

*Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*,
   545 U.S. 967 (2005)..................................................................................................................4

*Relentless v. Department of Commerce*,
   2024 U.S. App. LEXIS 19654, 2024 WL 3647769 (July 31, 2024).........................................3

*Restaurant Law Center v. Department of Labor*,
   120 F.4th 163 (5th Cir. 2024) ..................................................................................................6

*Saldivar v. Sessions*,
   877 F.3d 812 (9th Cir. 2017) ...................................................................................................6

*Sheppard v. Davis*,
   967 F.3d 458 (5th Cir. 2020) ...................................................................................................5

*Skidmore v. Swift & Co.*,
　323 U.S. 134 (1944) ................................................................................................ *passim*

*Sw. Elec. Power Co. v. EPA*,
　920 F.3d 999 (5th Cir. 2019) ............................................................................................8

**Statutes**

Administrative Procedure Act ............................................................................................1

Fair Labor Standards Act ........................................................................................1, 5, 6, 7

**Other Authorities**

29 C.F.R. § 795.100 ............................................................................................................5

89 Fed. Reg. at 1638-1741 ..................................................................................................5

# INTRODUCTION

The Supreme Court's landmark ruling in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), confirms that the Department of Labor's arbitrary 2024 Rule cannot stand. In *Loper Bright,* the Supreme Court overruled *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). In doing so, the Court held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the [Administrative Procedure Act] requires." *Loper Bright*, 144 S. Ct. at 2273. And the Court confirmed that "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* Although courts may still give "due respect" to longstanding agency interpretations under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), such respect depends on "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Id.* at 2248, 2259.

Despite the Department's attempt to sweep aside this decision, *see* ECF No. 96 ("DOL Reply") at 2 n.1, *Loper Bright* reinforces that the 2024 Rule is unlawful for two independent reasons.

First, *Loper Bright* confirms that the Department's interpretation of the Fair Labor Standards Act ("FLSA") is due no special respect under *Skidmore*. To start, DOL forfeited any claim to *Skidmore* respect by raising the issue only in a footnote on reply. And even if DOL had not forfeited the argument, it would be improper to resort to the agency's interpretation for guidance on the legal questions in this case. *Loper Bright* underscored that, under *Skidmore*, the weight of an agency's judgment in any particular case depends on the "thoroughness," "validity," and "consistency" of the agency's reasoning. 144 S. Ct. at 2259 (quoting *Skidmore*, 323 U.S. at

140). Here, the Department's poorly reasoned about-face from the 2021 Rule meets none of these criteria and thus warrants no respect under *Skidmore*.

Second, some of the core problems that led the Court to overrule *Chevron* plague the 2024 Rule. The Court recognized that "*Chevron* gravely erred" by giving agencies free reign to enact sweeping rulemakings without any meaningful check from the judiciary. *Loper Bright*, 144 S. Ct. at 2266. Coupled with this agency overreach was the problem of agencies seizing "a license" to "change positions" thus "foster[ing] unwarranted instability in the law" and "leaving those attempting to plan around agency action in an eternal fog of uncertainty." *Id.* at 2272 (majority op.). That kind of regulatory whiplash is exactly what DOL perpetrated here when it promulgated a new rule that arbitrarily—and aggressively—reverses course from the 2021 Rule without justification. *Loper Bright*'s reasoning supports vacating the 2024 Rule.

This Court should follow *Loper Bright* and grant summary judgment to Plaintiffs.

## BACKGROUND

### A. The *Chevron* Era

The Supreme Court's 1984 decision in *Chevron* set forth "a two-step framework" for interpreting statutory provisions that agencies had been given authority to administer via "'rules carrying the force of law.'" *Loper Bright*, 144 S. Ct. at 2254, 2268. First, a court had to determine "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842. If so, that was "the end of the matter" because courts and agencies "must give effect to the unambiguously expressed intent of Congress." *Id.* at 842-43. But if the court determined that the statute was "silent or ambiguous" on the relevant question, then *Chevron* instructed the court to defer to the agency's interpretation so long as it was "based on a permissible construction of the statute." *Id.* at 843.

*Chevron* was a "watershed decision" that "triggered a marked departure from the traditional approach" to statutory interpretation in administrative-law cases. *Loper Bright*, 144 S. Ct. at 2264. Over the next 40 years, *Chevron* "formed the backdrop against which Congress, courts, and agencies—as well as regulated parties and the public—all have operated." *Id.* at 2294 (Kagan, J., dissenting); *see also id.* at 2264-65 (majority op.) (similarly explaining how *Chevron* came to be "routinely invok[ed]"). By granting agencies unprecedented freedom to define "the scope of [their] own power," *id.* at 2266, *Chevron* became a "powerful weapon in an agency's regulatory arsenal" that enabled agency overreach, self-aggrandizement, and all the other "danger[s] posed by the growing power of the administrative state," *City of Arlington v. FCC*, 569 U.S. 290, 314-15 (2013) (Roberts, C.J., dissenting).

### B. The *Loper Bright* Era

In light of these concerns, the Supreme Court decided to revisit *Chevron* deference after years of mounting criticism of the doctrine from the bench and the academy. *See, e.g.*, *Gutierrez-Brizuela v. Lynch*, 834 F.3d 1142, 1149 (10th Cir. 2016) (Gorsuch, J., concurring) (explaining how *Chevron* "permit[ted] executive bureaucracies to swallow huge amounts of core judicial and legislative power and concentrate federal power in a way that seems more than a little difficult to square with the Constitution of the framers' design"). And in June 2024, the Court overruled *Chevron* in two companion cases—*Loper Bright*, 144 S. Ct. at 2273, and *Relentless v. Department of Commerce*, 2024 U.S. App. LEXIS 19654, 2024 WL 3647769 (July 31, 2024). The Court held the "deference that *Chevron* requires of courts reviewing agency action cannot be squared" with the APA, which commands that "'the reviewing court'—not the agency whose action it reviews— is to 'decide *all* relevant questions of law' and 'interpret … statutory provisions.'" *Id.* at 2263, 2265 (quoting 5 U.S.C. § 706). *Chevron* transgressed that command by "demand[ing] that courts

3

mechanically afford *binding* deference to agency interpretations, including those that have been inconsistent over time," and "forc[ing] courts to do so even when a pre-existing judicial precedent holds that the statute means something else." *Id.* at 2265.

*Loper Bright* made clear that *Chevron* involved "much more" deference than courts had ever afforded under prior decisions such as *Skidmore*, which allowed agencies to attempt to "persuade" but not "control" courts. *Loper Bright*, 144 S. Ct. at 2259, 2265 (quoting *Skidmore*, 323 U.S. at 140). *Skidmore* is a matter not of deference, but of "respect" for the government's informed views. *Id.* at 2258. This "*Skidmore* respect" "depend[s] upon" "the thoroughness evident in [the agency's] consideration, the validity of its reasoning," and "its consistency with earlier and later pronouncements," among other factors. *Id.* at 2259. Such respect provides for "the sort of stable background rule that fosters meaningful reliance," which *Chevron* did not. *Id.* at 2272 (internal quotation marks omitted). "Rather than safeguarding reliance interests," the Court explained, "*Chevron* affirmatively destroys them" by allowing any statutory ambiguity to "become[] a license authorizing an agency to change positions as much as it likes, with unexplained inconsistency being at most a reason for holding an interpretation to be arbitrary and capricious." *Id.* (cleaned up) (quoting *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005)). In other words, *Chevron* "allows agencies to change course even when Congress has given them no power to do so." *Id.*

*Loper Bright* now instructs that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." 144 S. Ct. at 2273. Although the views of "the Executive Branch may help inform that inquiry" when appropriate under *Skidmore*, courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.*

# ARGUMENT

I. **The Department's New Interpretation of the FLSA Is Due No Special "Respect" Under *Skidmore* as Clarified by *Loper Bright***

In the post-*Chevron* era, this Court should not afford "respect" to the Department's interpretation of the FLSA in the 2024 Rule under *Skidmore*, 323 U.S. at 140, as clarified by *Loper Bright*, 144 S. Ct. at 2267.

To start, the Department has forfeited any claim to *Skidmore* respect by failing to raise it in a timely and meaningful way. The Department failed to cite *Skidmore* anywhere in the over-100-page preamble to the 2024 Rule. 89 Fed. Reg. at 1638-1741. The Department cited it exactly *once* in the text of the rule itself—in an "Introductory Statement" that cited a *different* portion of the *Skidmore* opinion, not addressing whether judicial "respect" is owed to the Department's interpretations. *Id.* at 1741-42 (29 C.F.R. § 795.100). That alone forecloses DOL from attempting to raise *Skidmore* in a post-hoc litigation argument, because under fundamental principles of administrative law an agency may defend its action in court only by "the considerations ... upon which its action was based" in the administrative process below. *SEC v. Chenery Corp.*, 318 U.S. 80, 92 (1943). Moreover, even in this Court, the Department cited *Skidmore* only in a conclusory footnote in its reply brief (at 2 n.1), and did not actually ask the Court for *Skidmore* respect or explain why its interpretation would be entitled to extra weight under the relevant factors. This buried reference is insufficient to preserve the issue, and this Court should reject any request to apply *Skidmore* here. *See Alejos-Perez v. Garland*, 93 F.4th 800, 807 (5th Cir. 2024) (holding that a party's "failure to raise ... authorities in [its] opening brief forfeits [its] ability to rely on them); *Sheppard v. Davis*, 967 F.3d 458, 468 n.6 (5th Cir. 2020) (holding that "arguments are waived" when presented only "[i]n a footnote" without sufficient "expla[nation]").

5

In any event, *Skidmore* "respect" is not due here. *Loper Bright* explained that *Skidmore* respect may be warranted "when an Executive Branch interpretation was issued roughly contemporaneously with enactment of the statute and remained consistent over time." 144 S. Ct. at 2258. That's not this case, as the 2024 Rule postdates the 1938 FLSA by nearly *90 years* and adopts a novel interpretation of the statute inconsistent with prior interpretations. *See* CWI Br. 18-24.

Additionally, DOL's statutory analysis in the 2024 Rule has no "power to persuade" because it lacks the "thoroughness" and "validity of … reasoning" required to merit judicial respect. *Loper Bright*, 144 S. Ct. at 2259 (quoting *Skidmore*, 323 U.S. at 140). As Plaintiffs have explained, DOL's novel approach to the FLSA improperly relies on cherry-picked snippets of prior cases to construct a novel multifactor test inconsistent with the FLSA as interpreted by controlling Supreme Court precedent. *See* CWI Br. 14-18. Where an agency interpretation rests on a "misinterpretation of" judicial precedent, it is not "persuasive or based on valid reasoning," rendering *Skidmore* inapposite. *Saldivar v. Sessions*, 877 F.3d 812, 815 n.3 (9th Cir. 2017) (declining to accord *Skidmore* respect).

A recent Fifth Circuit decision applying *Loper Bright* in ruling against the Department confirms these points. In *Restaurant Law Center v. Department of Labor*, DOL sought *Skidmore* respect for a Department FLSA interpretation that was "of some vintage," dating back to "at least 1988." 120 F.4th 163, 174 (5th Cir. 2024). Nonetheless, the Fifth Circuit rejected that request, holding under *Loper Bright* that the Department's view, "however longstanding," could not "defeat the FLSA's plain text." *Id.* The same result follows *a fortiori* here, where the Department's new interpretation of "independent contractor" and "employee" in the 2024 Rule is neither longstanding nor consistent.

## II. *Loper Bright* Confirms the Department's Withdrawal and Replacement of the 2021 Rule Was Arbitrary And Capricious

*Loper Bright* provides additional reasons why the 2024 Rule cannot stand. There, the Court took a significant step to curb the problem of agency overreach—or the "'vast'" and unaccountable "'power'" of "the 'headless fourth branch of government,'" *City of Arlington*, 569 U.S. at 314 (Roberts, C.J., dissenting). By demoting agencies back to their properly limited "'place'" in our "'regime of separate and divided powers,'" *Loper Bright* took direct aim at the excesses of agency self-aggrandizement that have come to characterize the modern administrative state. 144 S. Ct. at 2261.

Here, the Department's 2024 Rule is a striking example of such agency overreach. Rather than faithfully fulfill its role in executing the FLSA, DOL has seized the opportunity to pull legitimate independent-contractor relationships into its regulatory oversight of employees. DOL has advanced this agenda under the guise of "interpretation" and put a thumb on the scale for employee classification at every turn. *See* CWI Br. 17-24. This rulemaking embodies "the danger posed by the growing power of the administrative state" that *Chevron* enabled, *City of Arlington*, 569 U.S. at 315, but that *Loper Bright* has now rejected.

In addition, *Loper Bright* reaffirmed that an agency may change its position, but courts should scrutinize changes to ensure that the agency has provided a reasoned explanation for the change and articulated "good reasons for the new policy." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). When a previous policy has "engendered serious reliance interests," those reliance interests must be "taken into account" and the agency must "provide a more detailed justification than what would suffice for a new policy." *Encino Motorcars, LLC v. Navarro* (*Encino I*), 579 U.S. 211, 222 (2016) (quotation marks omitted); *Fox TV*, 556 U.S. at 515-16. It

7

is for these reasons that an "'[u]nexplained inconsistency in agency policy is a reason for holding an interpretation to be … arbitrary and capricious.'" *Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1030 (5th Cir. 2019) (alteration in original); *see also Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30 (2020) ("'It would be arbitrary and capricious to ignore'" "'legitimate reliance' on" the government's prior position as well as reasonable "'alternative[s]'" to changing that position (alteration in original)).

*Loper Bright* accords with the line of cases that Plaintiffs use to argue DOL violated the APA by failing to "show that there are good reasons" for abandoning the 2021 Rule and reasonably explain that change in position. CWI Br. 14 (quoting *Fox TV*, 556 U.S. at 515, and citing *Encino I*, 579 U.S. at 222); *see also, e.g.*, *id.* at 4 (citing *Sw. Elec. Power*, 920 F.3d at 1030); CWI Reply at 9, 25 (similar). As *Loper Bright* makes clear, these precedents policing agency overreach are connected: The same administrative-law values of "safeguarding reliance interests" and "stability" in the law lie at the root of both overruling *Chevron* and vacating unexplained inconsistency in agency action. 144 S. Ct. at 2272.

The Department's 2024 Rule exemplifies the excesses of the *Chevron* era. Millions of independent contractors and large and small businesses had come to rely on the 2021 Rule's stable, predictable core-factor framework in structuring their operations and classifying these workers as independent contractors. *See* CWI Br. 28. In these circumstances, where the agency's change in position destabilizes the law and increases regulatory burdens on the public, close scrutiny is especially warranted. The Department's abrupt and poorly reasoned rescission and replacement of the 2021 Rule falls fatally short and has left those businesses "attempting to plan around agency action in an eternal fog of uncertainty." *Loper Bright*, 144 S. Ct. at 2272.

## **CONCLUSION**

Plaintiffs respectfully request that the Court grant their Motion for Summary Judgment and deny Defendant's Cross-Motion; declare unlawful and set aside DOL's rescission of the 2021 Rule and promulgation of the 2024 Rule; declare that the 2021 Rule has been and remains in effect as of March 8, 2021; and enjoin DOL from enforcing the 2024 Rule.

Respectfully submitted,

Date:   November 20, 2024

*/s/ Robert F. Friedman*
Robert F. Friedman
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201
(214) 880-8100
(214) 880-8101 (Fax)
rfriedman@littler.com

Maurice Baskin (*pro hac vice*)
James A. Paretti, Jr. (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2526
mbaskin@littler.com
jparetti@littler.com

ATTORNEYS FOR ALL PLAINTIFFS

Eugene Scalia (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Andrew G.I. Kilberg (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
escalia@gibsondunn.com
jmendro@gibsondunn.com
akilberg@gibsondunn.com

ATTORNEYS FOR PLAINTIFF
FINANCIAL SERVICES INSTITUTE, INC.

Stephanie A. Maloney
D.C. Bar No. 1044276 (*pro hac vice*)
Jordan L. Von Bokern
D.C. Bar No. 1032962 (*pro hac vice*)
U.S. Chamber Litigation Center
1615 H Street, N.W.
Washington, D.C. 20062-2000
(202) 463-5337
smaloney@uschamber.com
jvonbokern@uschamber.com

ATTORNEYS FOR PLAINTIFF CHAMBER OF
COMMERCE OF THE UNITED STATES OF
AMERICA

10

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2024, the foregoing Supplemental Brief was electronically filed in the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following counsel for Defendants:

Lisa A. Olson
U.S. Department of Justice
1100 L Street NW; Room 12200
Washington, D.C. 20005
(202) 514-5633
lisa.olson@usdoj.gov

Andrea L. Parker
Assistant United States Attorney
U.S. Department of Justice
550 Fannin St., Suite 1250
Beaumont, Texas 77701
(409) 839-2538
andrea.parker@usdoj.gov

                                                     */s/ James A. Paretti, Jr.*
                                                     James A. Paretti, Jr.