

December 10, 2024

**VIA E-FILE**

U.S. States District Clerk
Eastern District, Beaumont Division
300 Willow Street Suite 104
Beaumont, TX 77701

    Re:    *Coalition for Workforce Innovation v. Walsh*
            USDC ED TX Case No. 1:21-cv-130,
            *Littman v. U.S. Dep't of Labor*, No. 3:24-cv-00194 (M.D. Tenn.)
            **Response to Notice of Supplemental Authority**

To the Clerk:

      Defendants purport to submit as "supplemental authority" an out-of-circuit magistrate judge's report and recommendation to dismiss another case challenging the 2024 Rule for lack of standing. ECF No. 104 (citing *Littman v. U.S. Dep't of Labor*, No. 3:24-cv-00194 (M.D. Tenn. Nov. 13, 2024). No Article III judge has yet adopted this non-binding report, which "is nothing like" a judicial decision because "the magistrate's role ... is advisory, not adjudicatory." *United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998). The report is thus no "authority" at all—let alone the kind of "intervening *decision*[]" or "*significant* authorit[y]" that is appropriate for supplemental submission to a court. *Cf.* 5th Cir. R. 28.4; Fed. R. App. P. 28(j) (emphases added).

      Regardless, the magistrate's reasoning in *Littman* has no bearing here. *Littman* is a suit by two freelance writers. *See Littman* Report 1, 5. According to the magistrate judge, those plaintiffs' "fatal problem" is that there is "no evidence in the record—for example, no affidavits"—to substantiate their fears that "unidentified companies" would "cease to work with them or that their future business practices will be chilled because of the implementation of the 2024 Rule." *Id.* at 17, 21. But any failure of those freelance writers to adduce evidence of the harms they alleged is irrelevant to this case, where plaintiffs are business associations representing identified companies who use independent contractors.

December 10, 2024
Page 2

Here, plaintiffs have submitted a robust evidentiary record of harms imposed on them as direct "object[s]" of DOL's Rule. ECF No. 100 at 2 (collecting record citations including declarations). This case thus presents exactly the "concrete link" between the 2024 Rule and plaintiffs' injuries that the magistrate judge considered lacking in *Littman*. Report 17.

Respectfully,

*/s/ Robert F. Friedman*
Robert F. Friedman
Maurice Baskin (*pro hac vice*)
James A. Paretti, Jr. (*pro hac vice*)
LITTLER MENDELSON P.C.

*Counsel for All Plaintiffs*

Eugene Scalia (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Andrew G.I. Kilberg (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP

*Counsel for Plaintiff Financial Services Institute, Inc.*

Stephanie A. Maloney (*pro hac vice*)
Jordan L. Von Bokern (*pro hac vice*)
U.S. CHAMBER LITIGATION CENTER

*Counsel for Plaintiff Chamber of Commerce of the United States of America*

cc: All counsel of record via ECF